UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Patrick J. Gause, | ) | Civil Action No.: 4:20-cv-03185-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Conway Police Department, | ) | |
| Horry County Solicitor's Office, | ) | |
| Jimmy Richardson, and Dale Long, | ) | |
| Chief of Police for the City of | ) | |
| Conway Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for consideration of Plaintiff Patrick J. Gause's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1] *See* ECF Nos. 12 & 14.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983 against Conway Police Chief Dale Long, Solicitor Jimmy Richardson, and their respective offices alleging he was arrested on "bogus charges" and improperly denied bond.[2] *See* ECF No. 1. Plaintiff seeks release from jail, dismissal of his criminal charges, and $250 for each day spent in jail. *Id.* at p. 6. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) *Younger*[3] abstention is appropriate, (2) release from detention is not available in a § 1983 action, (3) Plaintiff fails to state a Fourth Amendment claim due to his pending criminal charges, and (4) amendment would be futile. *See* R & R at pp. 3–5.

In his objections[4]—dated September 16, 2020—Plaintiff states, "I'm being falsely held in jail" (at the J. Reuben Long Detention Center) on charges of kidnapping, robbery, and impersonating a law

---

[2]    The R & R thoroughly summarizes Plaintiff's allegations. *See* R & R at pp. 1–2.

[3]    *Younger v. Harris*, 401 U.S. 37 (1971).

[4]    The Clerk sent Plaintiff a Deficiency Memorandum indicating his objections were not signed, *see* ECF No. 15, but the objections contain his signature ("PG") on the bottom of the second page. *See* ECF No. 14 at p. 2. Accordingly, it was unnecessary for Plaintiff to refile his objections, and the Court has in fact considered them.

enforcement officer, supplements the factual allegations in his complaint, and generally "object[s] to [his] complaint being dismissed." *See* ECF No. 14. However, he does not address the Magistrate Judge's four conclusions above. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("A party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

Moreover, public records show that on September 18, 2020 (two days after the date of his objections), Plaintiff pled guilty to strong arm robbery in state court and was sentenced accordingly. *See State of South Carolina v. Patrick Gause*, Case No. 2020A2620400418, Horry County Fifteenth Judicial Circuit Public Index, *available at* https://publicindex.sccourts.org/horry/publicindex/ (visited Oct. 20, 2020).[5] Thus, while *Younger* abstention is no longer warranted, *Heck v. Humphrey*[6] bars Plaintiff's § 1983 claims because he "plead[s] facts inconsistent with guilt." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015); *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ([such as] state conduct leading to conviction . . . )—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Additionally, the Court finds that Defendants City of Conway Police Department and Horry

---

[5]    Courts "routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). The public index shows Plaintiff's charges for kidnapping and impersonating a law enforcement officer were part of the same law enforcement case as the strong arm robbery charge and were dismissed. *See State of South Carolina v. Patrick Gause*, Case Nos. 2020A2620400419 and 2020A2620400420, Horry County Fifteenth Judicial Circuit Public Index, *available at* https://publicindex.sccourts.org/horry/publicindex/ (visited Oct. 20, 2020). The Court also notes Plaintiff is no longer in jail as he was admitted to state prison on September 23, 2020. *See* South Carolina Department of Corrections Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (visited Oct. 20, 2020).

[6]    512 U.S. 477 (1994).

County Solicitor's Office are not "persons" within the meaning of § 1983, *see Gore v. Conway Police Dep't*, No. 0:08-cv-01806-RBH, 2008 WL 2566985, at *2 (D.S.C. June 26, 2008); *Rhodes v. Seventh Circuit Solicitors Office*, No. 9:09-cv-01863-JFA, 2009 WL 2588547, at *1 (D.S.C. Aug. 19, 2009); that Defendants Richardson and the Solicitor's Office (to the extent it can be construed as a "person" under § 1983) are entitled to absolute prosecutorial immunity for their actions in initiating criminal proceedings against Plaintiff and arguing against bail, *see Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017); that Plaintiff does not allege a plausible *Monell*[7] claim against the Conway Police Department (to the extent it can be construed as a "person" under § 1983), *see Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402–03 (4th Cir. 2014); and that Plaintiff's request to be released from jail is moot now that he is in prison. These grounds further support dismissal of Plaintiff's complaint.

### Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 12] and **DISMISSES** Plaintiff's complaint *without prejudice*[8] and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina
October 21, 2020

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[7]    *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[8]    The Court is dismissing Plaintiff's complaint without prejudice in light of *Heck*'s application. *See Bowman v. Mann*, 683 F. App'x 258, 259 (4th Cir. 2017) (recognizing a dismissal without prejudice is proper where *Heck* applies). The Court agrees with the Magistrate Judge that amendment would be futile. *See generally Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020) (discussing dismissals without prejudice).

4